**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5217**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMAL LAMONT SINCLAIR,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:11-cr-00062-JAB-1)

Submitted:  June 5, 2012            Decided:  June 18, 2012

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Alexandra Ford, Third Year Law Student, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamal Lamont Sinclair appeals the eighty-four-month sentence imposed following his guilty plea to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Sinclair challenges only the substantive reasonableness of his sentence, arguing that he rebutted the presumption of reasonableness afforded to his within-Guidelines sentence. Finding no error, we affirm.

In reviewing the substantive reasonableness of a sentence, we "take into account the totality of the circumstances." Gall v. United States, 552 U.S. 38, 51 (2007). If the sentence imposed is within the appropriate Sentencing Guidelines range, we may presume it is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). This presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Upon review, we conclude that Sinclair failed to rebut the presumption of reasonableness afforded to the within Guidelines sentence. Thus, the district court did not abuse its discretion in sentencing Sinclair to eighty-four months' imprisonment. See Gall, 552 U.S. at 51 (providing standard of review).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED